1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMUEL SALDANA,                          No. 2:22-cv-0801-EFB (PC)

12                    Plaintiff,

13        v.                                   ORDER

14   ST. ANDRE, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  After the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A[1],

19   plaintiff filed an amended complaint (ECF No. 15) which is screened below.

20                              Screening Order

21        In Claim I, plaintiff states a potentially viable claim of Eighth Amendment excessive force

22   against defendant Gonzales.  *See* ECF No 15 (Claim I).  Although plaintiff is not clear on the

23   matter, his allegations also suggest an attempt to assert a First Amendment retaliation claim

24   against defendant Gonzales; plaintiff briefly asserts that the excessive force was applied to "teach

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of
the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief
may be granted," or "seeks monetary relief from a defendant who is immune from such relief."
*Id.* § 1915A(b).

[plaintiff] a lesson for suing one of [his] coworkers." *Id.* at 3.  If plaintiff intends to assert such a claim, he must do so specifically in an amended complaint.  Should plaintiff chooses to file one, he must make clear that his asserting a First Amendment retaliation claim in addition to the excessive force claim.  To state a viable claim, plaintiff must "allege specific facts showing retaliation because of the exercise of the [his] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).  Any such amended complaint shall be filed within 30 days of the service of this order.

In Claim II, plaintiff adds a "Doe" defendant to his excessive force claim. *See* ECF No. 15 (Claim II).  The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identity of this "Doe," he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add him as a defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

In Claim III, plaintiff alleges that that the excessive force resulted in cut, swollen and bruised wrists.  ECF No. 15 at 5.  He claims he showed these injuries to defendant RN Kim Kersh and she "did nothing." *Id.*  In grievances attached to the complaint, however, plaintiff makes no mention of cuts or bruising.  He states only that his wrists were swollen and that Kersh treated him with ibuprofen. *Id.* at 16, 35.  Although plaintiff now alleges that Kersh failed to clean "open wounds," he fails to allege how this harmed him, and instead speculates that he "could [have] caught who knows what." *Id.* at 5.  Plaintiff also alleges that Kersh refused to document his injuries.  None of these allegations can survive screening, as they fail to show that Kersh violated plaintiff's federal constitutional or statutory rights.

For these reasons, plaintiff may either proceed only on the potentially cognizable excessive force claim against defendant Gonzales or he may amend his complaint to attempt to cure the complaint's deficiencies.  Plaintiff is not obligated to amend the complaint.

/////

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 15) alleges, for screening purposes, a potentially cognizable Eighth Amendment excessive force claim against defendant correctional officer Gonzales.

2. All other claims, including those against defendant Kersh, are dismissed with leave to amend within 30 days from the date of service of this order.  Plaintiff is not obligated to amend his complaint.

/////

3

1
2
3
4

    3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

5

    4. Failure to comply with any part of this this order may result in dismissal of this action.

6

Dated:  August 31, 2022.

7
8
9

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   SAMUEL SALDANA,                            No.  2:22-cv-0801-EFB (PC)

11                 Plaintiff,

12        v.                                    <u>NOTICE</u>

13   ST. ANDRE, et al.,

14                 Defendants.

15

16        In accordance with the court's Screening Order, plaintiff hereby elects to:

17

18        (1)  _____   proceed only with the potentially cognizable Eighth Amendment excessive

19   force claim identified by the court against defendant Gonzales;

20

21        OR

22

23        (2)  _____   delay serving any defendant and file a second amended complaint.

24

25                                        _____

26                                                      Plaintiff

27   Dated:

28

                                      5